

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00396-CV

MELCHOR JESUS B. ACOSTA,
M.D.

APPELLANT

V.

GINA KAY, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE
ESTATE OF TAMSEY LYNORA
MOORE, DECEASED

APPELLEES

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] AND JUDGMENT

------------

We have considered the parties' "Joint Motion To Dismiss," requesting that we render judgment to effectuate their settlement agreement, abate this case until the trial court's proceedings to effectuate the settlement agreement are complete, and remand this case to the trial court for rendition of judgment in

---

[1]*See* Tex. R. App. P. 47.4.

accordance with the parties' agreement. It is the court's opinion that the motion should be granted in part and denied in part.[2] Accordingly, without regard to the merits, we set aside the trial court's judgment and remand this case to the trial court for rendition of judgment in accordance with the parties' settlement agreement. *See* Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); *Innovative Office Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995).

Appellant's request that this appeal be joined with appellate cause number 02-11-00365-CV, styled *TRISUN Healthcare, LLC d/b/a The Plaza At Mansfield v. Gina Kay, Individually and as Representative of the Estate of Tamsey Lynora Moore, Deceased*, is dismissed as moot. All other requested relief is denied.

Costs of the appeal shall be paid by appellant, for which let execution issue. *See* Tex. R. App. P. 42.1(d).

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: November 3, 2011

---

[2]That is, the parties ask us to render judgment effectuating the parties' agreement *and* to abate this case until the trial court's proceedings to effectuate this settlement agreement are complete *and* to remand this case to the trial court for rendition of judgment. See Tex. R. App. P. 42.1(a)(2)(A), (B), (C). Rule 42.1(a)(2), however, permits us to render judgment effectuating the parties' agreement *or* to set aside the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement *or* to abate the appeal and permit proceedings in the trial court to effectuate the agreement; we cannot do all three or portions of all three. *See* Tex. R. App. P. 42.1(a)(2)(A), (B); *see also Cunningham v. Cunningham*, No. 02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.).